# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID MYERS,

    Defendant.

No. 17-CR-2077-LTS

**ORDER**

## I. INTRODUCTION

This matter is before the Court pursuant to defendant's Motion for Review and Reconsideration by the Magistrate Judge for Revocation or Amendment of the Detention Order Pursuant to 18 U.S.C. § 3145(b). (Doc. 28).[1] The government resists the motion. (Doc. 31). For the reasons that follow, the Court denies defendant's motion to reconsider its order of detention pending sentencing.

## II. BACKGROUND

On October 18, 2017, a grand jury returned a five count indictment against defendant, charging him in Count 1 with receipt of child pornography, in Counts 2 and 3 with possession of child pornography, and in Counts 4 and 5 with accessing child pornography. (Doc. 2). On October 26, 2017, defendant appeared before the Court for an initial appearance and arraignment on the indictment. (Doc. 10). The Court held a detention hearing at the same time. Considering the factors set forth at Title 18, United States Code, Section 3142(g), the Court ordered defendant released subject to conditions pending trial. (Doc. 13).

---

[1] Defendant apparently mistakenly filed identical motions, briefs, and exhibits at docket 27 and 28. The Clerk of Court deemed the pleadings filed at Doc. 27 to have been filed in error.

On February 6, 2017, defendant pled guilty to Count 1 of the Indictment, pursuant to a plea agreement in which the government agreed to move for dismissal of the remaining counts at the time of sentencing. (Doc. 24). At the change of plea hearing, the government moved for defendant's detention pending sentencing and defendant requested to be released pending sentencing. (*Id.*). In relation to the detention hearing, the Court admitted without objection and under seal defense exhibits A and B, which consisted of medical records describing defendant's medical issues and a list of his medications. The Court ordered defendant detained pending sentencing. The Court has not yet scheduled a sentencing hearing.

### III. DISCUSSION

Defendant asks the Court to reverse its order of detention and release him under conditions pending sentencing. Defendant argues in his motion that he has "no history of criminal violence" and is isolated from the community, living in a remote residence. (Doc. 28, at 3-4). Defendant argues in his brief that: (1) the Court ordered him released pending trial; (2) he complied with all of the conditions imposed by the Court; (3) his "health, physical mental condition [sic], family ties, restricted financial resources, length of residence in his community, and record of his appearance in Court" constitute exceptional reasons for ordering defendant's release pending sentencing. (Doc. 28-2, at 1-2). Defendant also argues that he has serious medical conditions that may cause "an extensive delay" in his placement at a Bureau of Prisons facility at the time of sentencing. (*Id.*, at 2). Defendant further argues that "in all likelihood [he] will not receive his prescribed medications, mental psychiatric care, and will be deprived of his ability to confer with counsel" if detained pending sentencing. (*Id.*, at 3). Finally, defendant argues there were "inconsistencies" in the Pretrial Services Report and that "[i]t just seems irrational to release Defendant initially and then detain him after his plea, given

2

his health, his clean slate during his pre-plea release, his mental health, and medication issues." (*Id.*).

Despite defendant's belief as to the irrationality of his detention, there is a fundamental difference in the standard regarding detention before and after a guilty plea. Before a finding of guilt, the burden is on the United States to show by a preponderance of the evidence that a defendant poses a risk of nonappearance, or by clear and convincing evidence that he poses a danger to the community. 18 U.S.C. § 3142(f); *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985). In contrast, after a defendant has pleaded guilty, the standard changes. Under Title 18, United States Code, Section 3143(a)(2), Congress mandated that a person who pleads or is found guilty of a crime like receipt of child pornography—to which defendant pleaded guilty—be detained pending sentencing. Release is permitted only if, under Title 18, United States Code, Section 3145(c), a court finds by clear and convincing evidence "that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. §§ 3143(a)(1), 3145(c). Further, a defendant must "clearly show[ ] that there are exceptional reasons why such a person's detention would not be appropriate." 18 U.S.C. § 3145(c).

Defendant did not carry his burden of proof in this case. Defendant was previously convicted in 1998 of three separate instances of sexual abuse in the third degree. (Doc. 9 (Pretrial Services Report); 26 (plea agreement)). While on parole for those charges, defendant violated the conditions of his parole resulting in a revocation. (Doc. 9, at 4-5). Because of these prior convictions, defendant faces a mandatory minimum sentence of 15 years in prison. 18 U.S.C. § 2252(b)(1). Exhibit A, offered by defendant at the change of plea hearing, is a letter from a clinical social worker. The letter states that defendant "has a history of instability with suicidal ideation resulting in a number of past

3

psychiatric hospitalizations." (Exhibit A, at 1). The social worker also stated that defendant "reports fear and apprehension with the prospect of returning to prison." (*Id.*).

None of the reasons articulated by defendant, individually or in combination, persuades the Court by clear and convincing evidence that defendant does not pose a risk of flight or that he will not pose a danger to the community. Contrary to defendant's assertion, he has been convicted of sexual abuse three times, which are crimes of violence. He performed poorly while on parole. His mental instability and suicidal ideation poses a danger to the community. His apprehension about going back to prison, and the lengthy mandatory minimum sentence he faces in this case suggests a risk of flight.

Nor has defendant established exceptional reasons showing detention is inappropriate. The Eighth Circuit Court of Appeals has defined "exceptional" to mean "clearly out of the ordinary, uncommon, or rare." *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007). Compliance with pretrial release conditions is not extraordinary. *United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010); *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007); *United States v. Little*, 485 F.3d at 1210. Timely appearing in court as required is not extraordinary. *Little*, 485 F.3d at 1210. Having and being treated for mental health issues is not extraordinary. *Larue*, 478 F.3d at 925; *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004). The length of time it may take the United States Marshals to transport defendant to a Bureau of Prisons facility after sentencing is not extraordinary. *United States v. Monstrom*, 11 F.3d 93, 94 (8th Cir. 1993). Although defendant has significant medical issues as well, courts have found such medical issues do not constitute extraordinary reasons unless there is some showing that the detention facilities are unable to care for the defendant with those conditions. *See, e.g.*, *United States v. Mellies*, 496 F. Supp.2d 930, 936 (M.D. Tenn. 2007); *United States v. Bloomer*, 791 F. Supp. 100, 102 (D. Vt. 1992). Defendant has

4

made no showing that the detention facility is unable to care for defendant's medical needs. Rather, defendant only speculates that "in all likelihood" he will not receive his medications and care. Such an allegation is insufficient. Nor has defendant demonstrated that his incarceration will impose greater restrictions on his ability to communicate with his attorney than those restrictions any defendant would experience while detained. Therefore, I find that when considered separately and together, none of the factors defendant has identified constitute extraordinary circumstances making detention inappropriate.

## IV. CONCLUSION

For the reasons stated, the Court **denies** defendant's motion to reconsider the order detaining defendant pending sentencing in this case.

**IT IS SO ORDERED** this 22nd day of February, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa