# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR17-2077-LTS |
| vs. | **ORDER** |
| DAVID MYERS, | |
| Defendant. | |

_____

## I.   INTRODUCTION

This case is before me on defendant David Myers' motion (Doc. 61), filed through counsel, for compassionate release. The Government has filed a response (Doc. 62). Oral argument is not necessary. *See* Local Rule 7(c).

## II.   BACKGROUND

On April 12, 2018, I sentenced Myers to 180 months' imprisonment after he pleaded guilty to conspiracy to receipt of child pornography after having been convicted of one or more offenses related to sexual abuse in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). Doc. 53. Myers is 58 years old. According to the online Bureau of Prisons (BOP) inmate locator, he is housed at Rochester FMC in Rochester, Minnesota, and has a projected release date of November 16, 2030.

## III.   COMPASSIONATE RELEASE STANDARDS

A court's ability to modify a sentence after it has been imposed is extremely limited. One way a court may modify a sentence is through "compassionate release" as outlined in 18 U.S.C. § 3582(c)(1)(A), which was recently modified by the First Step

Act of 2018 (FSA). *See* Pub. L. No. 115-391, § 603. In the past, 18 U.S.C. § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of Bureau of Prisons (BOP). The FSA modified § 3582(c)(1)(A) such that a defendant may now directly petition the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See Mohrbacher v. Ponce*, No. CV18-00513, 2019 WL 161727, at *1 (C.D. Cal. Jan. 10, 2019) (discussing modifications made to § 3582(c)(1)(A) by the FSA); *see also United States v. Perez-Asencio*, No. CR18-3611, 2019 WL 626175, at *2–3 (S.D. Cal. Feb. 14, 2019).

If a defendant fully exhausts administrative remedies, the court may, upon motion of the defendant, reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> And that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

18 U.S.C. § 3582(c)(1)(A). Myers does not meet the requirements of § 3582(c)(1)(A)(ii). He is under 70 years of age and has not served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). Doc. 41 at 2. Thus, Myers' only possible avenue for relief is § 3582(c)(1)(A)(i).

The starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) is the Sentencing Guideline discussing compassionate release issued by the United States Sentencing Commission. *See* U.S.S.G. § 1B1.13

2

(U.S. Sentencing Comm'n 2018); *see also United States v. Hall*, No. CR98-7, 2019 WL 6829951, at *3 (E.D. Ky. Dec. 13, 2019); *United States v. Rivernider*, No. CR10-222, 2019 WL 3816671, at *2 (D. Conn. Aug. 14, 2019). The Guideline provides that extraordinary and compelling reasons exist in the following circumstances:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

3

U.S.S.G. § 1B1.13 cmt. n.1.

This Guideline predates the FSA and has "not been amended to reflect that, under the FSA, a defendant may now move for compassionate release after exhausting administrative remedies." *Riverrider*, 2019 WL 3816671, at *2. Courts are split on whether the policy statement is binding because it predates the FSA's changes to 18 U.S.C. § 3582(c)(1)(A). A number of district courts have concluded that Guideline § 1B1.13 cmt. n.1 does not restrain a court's assessment of whether extraordinary and compelling reasons exist to release a defendant. *See, e.g.*, *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019); *United States v. Urkevich*, No. CR03-37, 2019 WL 6037391, at *3 (D. Neb. Nov. 14, 2019); *United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019); *United States v. Fox*, No. CR14-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019). Other courts have concluded that extraordinary and compelling reasons exist only if they are included in the Guideline. *See, e.g.*, *United States v. Lynn*, No. CR89-0072, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019).

As I have previously stated, I agree with those courts that have found that although the Guideline provides helpful guidance on what constitutes extraordinary and compelling reasons, it is not conclusive given the recent statutory changes. *See United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020); *see also Rodriguez*, 424 F. Supp. 3d at 682 (Congress knew that the BOP rarely granted compassionate release requests prior to the FSA, and the purpose of the FSA is to increase the number of compassionate release requests granted by allowing defendants to file motions in district courts directly even after the BOP denies their request); *Brown*, 411 F. Supp. 3d at 451 (same).[1]

---

[1] The Eighth Circuit Court of Appeals has declined to expressly overrule the current version of § 1B1.13. But it has indicated that district courts should consider extraordinary and compelling

reasons outside the strict confines of § 1B1.13. In a case where the district court denied a defendant's compassionate release motion, the defendant argued the district court erred by relying on the § 1B1.13 policy statements. In declining to consider that issue, the Eighth Circuit noted that the district court was clearly aware of the change of the law:

> While some courts adhere to "the pre-First Step Act policy statements," "[o]ther courts [have] ruled that the pre-First Step Act policy statements are inapplicable, and that a judge has discretion to determine, at least until the Sentencing Commission acts, what qualifies as 'extraordinary and compelling reasons.'" *Id.* (citing *United States v. Brown*, 411 F. Supp. 3d 446, 448–51 (S.D. Iowa Oct. 8, 2019)). . .
>
> After analyzing whether Rodd satisfied the "extraordinary and compelling reasons" criteria set forth in § 1B1.13, the district court assumed that Rodd satisfied a more expansive definition of the phrase and analyzed the compassionate-release motion under 18 U.S.C. § 3553(a). Specifically, the court stated, "Even assuming Congress intended to expand the use of compassionate release with the First Step Act, the Section 3553(a) factors present at sentencing have not changed. Rodd does not qualify for compassionate release." *Id.*

*United States v. Rodd*, 966 F.3d 740, 745 (8th Cir. 2020). The Eighth Circuit went on to find that:

> We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13. The district court knew its discretion. It expressly stated that "[e]ven assuming Congress intended to expand the use of compassionate release with the First Step Act, the Section 3553(a) factors present at sentencing have not changed" and, as a result, "Rodd does not qualify for compassionate release." *Rodd*, 2019 WL 5623973, at *4; *see also id.* ("[E]ven assuming a more expansive definition of 'extraordinary and compelling reasons' under the First Step Act, Rodd's Motion is denied."). In other words, the district court assumed that Rodd's health and family concerns constituted extraordinary and compelling reasons for compassionate release. Therefore, we need only determine "whether the district court abused its discretion in determining that the § 3553(a) factors weigh against granting [Rodd's] immediate release."

*Rodd*, 966 F.3d at 747. In a footnote, the Eighth Circuit also observed that, "'[a]s the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future.' *United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019)." *Id.* at 746 n.7; *see also United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) (where the Eighth Circuit observed that § 1B1.13 does not reflect the current version of the compassionate

## IV. DISCUSSION

### A. *Exhaustion of Administrative Remedies*

Myers submitted an administrative request for compassionate release prior to December 4, 2019, the date on which his warden issued a memorandum indicating his request would be referred to the BOP's Central Office. Doc. 61-3. The BOP denied his request in February 2020. Doc. 61-4. The denial indicates that Myers based his request on his health conditions. He filed this motion through counsel in January 2021. Doc. 61. I find that Myers has exhausted his administrative remedies.

### B. *Extraordinary and Compelling Reasons*

Myers alleges and BOP records indicate he suffers from numerous health problems, including: (1) morbid obesity; (2) obstructive sleep apnea; (3) type II diabetes; (4) diabetic neuropathy; (5) hyperlipidemia; (6) major depressive disorder; (7) anxiety disorder; (8) hypertension; (9) atrial fibrillation; (10) heart failure; (11) partial loss of teeth; (12) gastroesophageal reflux disease (GERD); (13) spinal stenosis; (14) chronic kidney disease stage III; (15) a history of kidney cancer; (16) kidney removal; (17) lower extremity edema; (18) gout; and (19) osteoarthritis. *See, e.g.*, Doc. 61-1 at 5; Doc. 61-5 at 1–7, 10–11. He requires an electric wheelchair. Doc. 61-1 at 6. His PSIR confirms some of these conditions and also indicates that he suffers from insomnia and spinal meningitis. Doc. 41 at 12, ¶ 49. He argues that the threat the COVID-19 pandemic poses to him, in light of these health issues, constitutes an extraordinary and compelling reason justifying early release. Doc. 61-1 at 7, 10–12.

---

release statute, but found no error because "[w]here the [district] court expressly considered post-sentencing rehabilitation (a circumstance not listed in § 1B1.13), the more natural inference is that the court did not feel constrained by the circumstances enumerated in the policy statement, but simply found that a non-retroactive change in [sentencing] law did not support a finding of extraordinary or compelling reasons for release."

The Government does not dispute that Myers suffers from these medical issues. Doc. 62 at 10. The Government agrees that some of Myers' medical conditions may make him more vulnerable to serious complications if he were to contract COVID-19, *id.*, and that they constitute extraordinary and compelling reasons. *Id.* at 11 ("The government agrees that defendant's medical conditions make him eligible for compassionate release.").

The Centers for Disease Control and Prevention (CDC) list categories of people with underlying medical conditions who are or might be at a higher risk of severe illness from COVID-19.[2] Diabetes, heart conditions, hypertension, kidney failure and obesity are all COVID-19 comorbidities. Further, Myers' age (58) could increase his risk of severe illness from COVID-19. The CDC reports that 8 out of 10 COVID-19 deaths reported in the United States have been among adults aged 65 years and older.[3] The CDC explains that the risk for severe illness from COVID-19 increases with age.[4] Myers is nearing the most vulnerable age group, arguably increasing his risk.

I find Myers' deteriorating health and disabled status, when viewed in the context of the current COVID-19 pandemic, constitute extraordinary and compelling reasons for release.[5] Therefore, I will consider whether the remaining factors support granting his motion.

---

[2] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 30, 2021).

[3] *Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Apr. 30, 2021).

[4] *Id.*

[5] Myers' health conditions would arguably constitute extraordinary and compelling reasons even absent the COVID-19 pandemic.

## C. Section 3553(a) Factors and Danger to Community

Guideline § 1B1.13(2) provides that compassionate release is appropriate only where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" Additionally, § 3582(c)(1)(A) requires a court consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. Section 3553(a) requires that I consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . .;]
>
> (5) any pertinent policy statement [issued by the Sentencing Commission . . .']
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Government argues the § 3553(a) factors weigh against a sentence reduction, citing Myers' offense conduct and criminal history. Myers' offense conduct is indeed aggravating. He possessed fifteen images and twenty videos containing child pornography. Doc. 41 at 5, ¶ 11. These materials included depictions of violent acts

against prepubescent children. *Id.* He also traded child pornography with another individual. *Id.* at 4, ¶ 10. Possessing and distributing child pornography harms some of the most vulnerable members of our society and deserves significant punishment.

Myers' criminal history is also aggravating. In 1997, he was convicted on four counts of third-degree sexual abuse. *Id.* at 9–10, ¶¶ 32–34. Each case involved hands-on abuse of children under 12 years old. *Id.* These convictions led to Myers qualifying for a sentencing enhancement for engaging in a pattern of sexually abusing or exploiting minors. *Id.* at 8, ¶ 20. These cases are also cause for concern because he violated their associated terms of parole and work release by possessing pornography. *Id.* at 9–10, ¶¶ 32–34.

Other § 3553(a) factors are mitigating. Myers himself was sexually abused as a child. *Id.* at 12, ¶ 45. In addition to the previously discussed medical issues from which he suffers, he has suffered from suicidal ideations, auditory hallucinations and other mental health issues. Doc. 41 at 13–14, ¶¶ 55–57.

My sentence already accounted for these factors. Myers' guideline range was 360 to 480 months' imprisonment. Doc. 41 at 17, ¶ 79. I granted a massive downward variance to the statutory minimum of 180 months' imprisonment. *Id.*, ¶ 78; Doc. 54 at 3. Congress exercised its Constitutional authority in determining that a sentence of 180 months is the minimum that a court may impose for Myers' offense. While this does not preclude granting compassionate release before a defendant has served at least the statutory minimum sentence, it is a factor that weighs against release—especially when a defendant has served only a small fraction of that time. *United States v. Willison*, No. CR15-4034-LTS, 2020 WL 6121159, at *8 (N.D. Iowa Oct. 16, 2020). Moreover, I specifically stated that I found 15 years' imprisonment to be an appropriate sentence even absent the statutory mandate. Sentencing Tr. at 76.[6]

---

[6] Because no official sentencing transcript was prepared, all citations to the sentencing are from the court reporter's rough, unedited transcript.

9

Myers committed a serious federal felony sex offense after previously committing hands-on sexual abuse of young children. He has served only a small portion of his mandatory minimum sentence. Having weighed the § 3553(a) factors, I find that the time already served is not nearly sufficient to accomplish the goals of sentencing. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) (stating a district court is within in its discretion to deny a motion for compassionate release when the analysis of the § 3553(a) factors has not changed since the time the defendant was sentenced). I further find that in light of Myers' longstanding sexual attraction to children, his early release would pose a danger to the community. His request for compassionate release must be denied.

## V.   CONCLUSION

For the foregoing reasons, Myers' motion (Doc. 61) for compassionate release is **denied**.

**IT IS SO ORDERED.**

**DATED** this 14th day of May, 2021.

_____
Leonard T. Strand, Chief Judge